Revised 9/15/95

FILED
FEB 2 5 2000
CLERK, DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

___ Priority
_✓_ Send
___ Clsd
___ Enter
___ JS-5/JS-6
___ JS-2/JS-3

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

Mattel, Inc.,

    Plaintiff(s),

vs.

Barbara Miller, et al.,

    Defendant(s).

No. CV 99-11558-ER (MANx)

ORDER RE:

PREPARATION OF

JURY INSTRUCTIONS

All proposed jury instructions are required to be filed and served at least seven days before the trial begins, except for those whose need could not have been foreseen. IF POSSIBLE, THE COURT WOULD APPRECIATE THE SUBMISSION OF COMPUTER DISKS, IN ADDITION TO PRINTED COPIES, OF THE JURY INSTRUCTIONS, IN EITHER WORDPERFECT 5.1 OR ASCII TEXT FORMATS. Jury instructions are to be submitted in the following format:

    (a) The parties are required to jointly submit one set of agreed upon substantive instructions. To this end the parties are required to serve their proposed instructions upon each other two weeks prior to trial. The parties should then meet, confer and submit one complete set of agreed upon substantive instructions. "Substantive jury instructions" means all instructions relating to the elements of all claims and defenses in the case. The parties are **not** to submit general instructions.

1
2     (b)  If the parties cannot agree upon one complete set of substantive instructions, they are required to submit one set of those instructions that have been agreed upon, and each party should submit a supplemental set of instructions which are not agreed upon.

3
4     (c)  These joint instructions and supplemental substantive instructions must be filed one week prior to trial. Each party should then file, two days before trial, its objections to the non-agreed upon instructions proposed by the other party. Any and all objections shall be in writing and shall set forth the proposed instructions in its entirety. The objection should then specifically set forth the objectionable material in the proposed instruction. The objection shall contain citation to authority explaining why the instruction is improper and a concise statement of argument concerning the instruction. Where applicable, the objecting party shall submit an alternative instruction covering the subject or principle of law.

5
6
7
8
9     (d)  The parties are required to submit the proposed joint set of instructions and proposed supplemental instructions in the following format:

10
11            (i)  there must be two copies of each instruction;

12            (ii)  the first copy should indicate the number of the proposed instruction, and the authority supporting the instruction; and

13            (iii)  the second copy should contain only the proposed instruction -- there should be no other marks or writings on the second copy except for a heading reading "Instruction No. ___" with the number left blank.
14

15     (e)  On the day of trial the parties may submit a concise argument supporting the appropriateness of each parties' proposed instructions which the other party objected to.
16

17     (f)  All instructions should be short concise, understandable, and neutral statements of law. Argumentative or formula instructions are improper, will not be given, and should not be submitted.
18

19     (g)  Parties should note in jointly agreeing upon instructions that the Court generally prefers 9th Circuit Model Jury Instructions over Devitt and Blackmar.
20

21     (h)  Parties should also note that any modifications of instructions from statutory authority, BAJI, or Devitt and Blackmar (or any other form instructions) must specifically state the modification made to the original form instruction and the authority supporting the modification.
22
23

24     (i)  Failure to comply with any of the above instructions may subject the non-complying party and/or its attorneys to sanctions.

25     IT IS SO ORDERED.

26    / / /
27
       / / /
28
       / / /

**IT IS FURTHER ORDERED** that the Clerk of the Court shall serve, by United States mail, copies of this Order on counsel for the parties in this matter.

DATED: FEB 2 5 2000

*Edward Rafeedie*
EDWARD RAFEEDIE
United States District Judge